UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____  :
  :
**STEPHANIE M. TORRES**  :
  :      **Civil Action No. 08-6103(KSH)**
  :
  **Plaintiff**  :
  :
  v.  :
  :  **ORDER ON INFORMAL APPLICATION &**
  :  **AMENDED SCHEDULING ORDER**
  :  **IN AN ARBITRATION CASE**
  :
**JOHN D. CRAFTS TRANSPORT, et al.**  :
  :
  :
  **Defendants**  :

**THIS MATTER** having come before the Court for a telephone status conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on July 8, 2009; and the defendants having requested an extension of the pretrial deadlines because they have not received the medical bills from the PIP carrier and have been unable to secure records from Blue Cross and they have had difficulty scheduling defendant Spear's deposition and the N.J. State Police Officer's deposition; and the parties agreeing to conduct plaintiff's deposition on July 21, 2009 and proceed with her defense examination; and the plaintiff's counsel representing that he will also seek more information concerning the Blue Cross records; and plaintiff having no opposition to the requested extension; and for good cause shown,

**IT IS on this 8th day of July, 2009,**

**ORDERED THAT:**

The request to extend the pretrial deadlines is granted as set forth herein;

**IT IS FURTHER ORDERED THAT:**

**I.  ARBITRATION**

1.      This matter is subject/referred to arbitration pursuant to Local R. Civ. P. 201.1. Counsel will receive further instructions and guidelines regarding arbitration directly from the Clerk of the Court.  Arbitration shall commence no sooner than **December 2, 2009**.

**II.  COURT DATES**

2. There shall be a telephone status conference before the undersigned on **TO BE SET.**  Plaintiff shall initiate the telephone call.

3. Unless counsel jointly request an adjournment, there will be a settlement conference before the undersigned on **September 15, 2009 at 1:30 p.m.**  Trial Counsel and clients with full settlement authority must attend the conference.  If the trial counsel **and** client with full settlement authority do not appear, the settlement conference may be cancelled or rescheduled and the noncompliant party and/or attorney may be sanctioned, which may include an assessment of the costs and expenses incurred by those parties who appeared as directed.

### III. DISCOVERY AND MOTION PRACTICE

4. Fed. R. Civ. P. 26 disclosures are to be exchanged on or before **completed.**

5. Discovery necessary to engage in meaningful settlement discussions: **none.**

6. The parties may serve interrogatories limited to **State Forms** single questions including subparts and requests for production of documents on or before **completed**, which shall be responded to no later than **deadline passed.**

7. The number of depositions to be taken by each side shall not exceed **10.**  No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege.  See Fed. R. Civ. P. 32(d) (3) (A).  No instruction not to answer shall be given unless a privilege is implicated.  Depositions shall be completed no later than **September 30, 2009**.

8. Fact discovery is to remain open through **September 30, 2009**.  No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

9. Counsel shall confer in a good faith attempt to informally resolve any discovery disputes before seeking the Court's intervention.  Should such informal effort fail to resolve the dispute, the matter shall be brought to the Court's attention via a joint letter that sets forth: (a) the request, (b) the response; (c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient; and (e) why the responding party believes the response is sufficient.  No further submissions regarding the dispute may be submitted without leave of Court.  If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute.

No discovery motion or motion for sanctions for failure to provide discovery shall be made before utilizing the procedures set forth in these paragraphs without prior leave of Court.

Any unresolved discovery disputes (other than those that arise during depositions) must be brought before the Court no later than **deadline passed** and the Court will not entertain applications concerning discovery matters, informally or otherwise, after this date.

10. Any motion to amend pleadings or join parties must be filed by **deadline passed.**

11. All dispositive motions shall be discussed in advance of filing with the undersigned either in person or by teleconference.

If leave is granted to file a summary judgment motion, the following protocol shall apply:

a. Each motion for summary judgment shall be supported by a _separate_, short, and concise statement of material facts, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried. Each fact asserted in the statement shall be supported by a record citation. A "record citation" is a citation to a specific page or paragraph of identified record material supporting the assertion.

b. Each response in opposition shall be accompanied by a _separate_, short, and concise statement of material facts. The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation. The opposing statement may contain in a separate section additional facts, set forth in separate numbered paragraphs and supported by a record citation.

c. In the event a party seeks to submit a reply, the party shall file a formal request for permission to do so within the time period provided by Local Rule, attaching the proposed reply. Accompanying the proposed reply shall be a _separate_, short, and concise statement of material facts _which shall be limited to any additional facts submitted by the opposing party._ The reply statement shall admit, deny or qualify such additional facts by reference to the numbered paragraphs of the opposing party's statement of material facts, and unless a fact is admitted, shall support each denial or qualification by a record citation.

d. Facts contained in a supporting or opposing statement of material facts, if supported by record citations, shall be deemed admitted unless properly controverted. The Court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment. The Court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts.

e. Local Rules governing electronic filing and length, font-size, and format of moving, opposing and reply briefs shall continue to apply as appropriate. Parties shall provide the Court with two hard copies of all submissions by delivering same to the Clerk's Office, Attention Judge Katharine Hayden.

### IV. EXPERTS

12. All affirmative expert reports shall be delivered by **October 15, 2009.**

13. All responding expert reports shall be delivered by **December 1, 2009.**

14. a. All expert reports are to be in the form and content as required by Fed. R. Civ. P.

26(a) (2)(B).  No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in the experts report.

  b.  All expert depositions shall be completed by **only if a party timely files a request for a trial de novo.**

### V.  MISCELLANEOUS

15. The Court may from time to time schedule conferences as may be required, either sua sponte or at the request of a party.

16. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

17. A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action.  Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

18. Communications to the Court by facsimile will not be accepted.  All communications to the Court shall be in writing or by telephone conference.

19. **FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER   MAY RESULT IN SANCTIONS.**

          s/Patty Shwartz
          **UNITED STATES MAGISTRATE JUDGE**